IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1196-02






LAURIN STUART LANEY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY






 Meyers, J., filed a concurring opinion, in which Price, J., joined.


CONCURRING OPINION 



 A warrantless search is unreasonable per se unless it comes within one of the
"jealously and carefully drawn" exceptions to the warrant requirement. Hudson v. State,
588 S.W.2d 348, 351 (Tex. Crim. App. 1979), quoting Jones v. United States, 357 U.S.
493, 499, 78 S.Ct. 1253, 2 L. Ed.2d 1514 (1958). The majority here goes to some lengths
to explain a few of those exceptions, and concludes that the search in this case was justified
under the "emergency"doctrine, apparently a subclass of the "community caretaking"
doctrine. In so concluding, the majority has expanded the application of the community
caretaking doctrine to include warrantless searches of private residences whenever such a
search is "objectively reasonable" as a part of the police officer's duty "to protect and
preserve life and prevent substantial injury." 

 This vague and expansive application of the community caretaking doctrine runs 

directly contrary to this Court's admonition in Wright v. State, 7 S.W.3d 148, 152 (Tex.
Crim. App. 1999), that such warrantless searches of private property should be justified
under the doctrine "[o]nly in the most unusual circumstances." 

 Although the effect of the majority's holding is to significantly widen the scope of
the community caretaking doctrine, the opinion fails to explain why such a stretch is called
for, given the clear applicability of another major exception to the warrant requirement. A
search conducted with the consent of the suspect, if the consent is voluntarily given under
the totality of the circumstances, is a well-established exception to the warrant
requirement. See Schneckloth v. Bustamonte, 412 U.S. 218, 36 L. Ed. 2d 854, 93 S.Ct.
2041 (1973). 

 This Court has ruled that under certain circumstances, a consent to search can be
effective even if given after an illegal search has already been perfomed. Compare Reasor
v. State, 12 S.W.3d 813 (Tex. Crim. App. 2000) (under totality of circumstances, consent
to search was voluntary even though officers had already performed an illegal protective
sweep), with Gonzalez v. State, 588 S.W.2d 355 (Tex. Crim. App. 1979) (consent to
search was not voluntary because it was obtained through the continuous exploitation of a
prior illegal search). The important factor in evaluating the effectiveness of a consent to
search is whether it was voluntarily given. The officer's subjective reason for asking
appellant for consent to search is inconsequential, and it is not necessary to justify the
request under any doctrine. The community caretaking doctrine should only be employed
in the absence of a valid consent to search. 

 In this case, no evidence was taken during the first entry into appellant's residence. 
The evidence in question was seized only after appellant consented to the search. The
question of the officers' reasons for seeking that consent was not raised until the majority
necessarily opened the door to that area of inquiry. (1) Although the majority cites cases
holding that the proper test for determining whether a search was justified is one of
objective reasonableness, they ignore the fact that appellant's consent to the search
provided just such an objectively reasonable justification. See Walter v. State, 28 S.W.3d
538 (Tex. Crim. App. 2000)(subjective intent of officer to perform search was irrelevant
given application of plain view doctrine); Garcia v. State, 827 S.W.2d 937 (Tex. Crim.
App. 1992)(subjective motive of officer performing traffic stop and arrest was irrelevant,
where appellee committed traffic offense).

 The majority ignores the plain fact that appellant does not here challenge the
consent to search. By relying instead on the community caretaking doctrine to validate the
pre-consent entry, the majority engages in an unnecessary examination of the officer's
subjective motivation for acquiring the consent to search. (2)
 

 The trial court in this case found that appellant consented to the search of his 

trailer. The Court of Appeals upheld the finding that appellant's consent to search was
freely and voluntarily given. Laney v. State, 76 S.W.3d 524, 533 (Tex. App. - 14th Dist.,
Houston 2002). Appellant did not contest that finding on petition for discretionary review,
and did not argue that the consent was in any way tainted by the prior search. 

 Because the issue was not argued before this Court, we have no occasion to consider
it. Therefore, although I object to the uncalled-for extension of the community caretaking
doctrine, I must concur with the majority's decision to affirm the judgment of the Court of
Appeals. 

 Meyers, J.


Filed: October 8, 2003

Publish
1. I would presume that the law has now changed to require the State to verify that their request
to search is not influenced or brought about by any illegal activities, either by themselves or any other
persons. See State v. Johnson, 871 S.W.2d 744 (Tex. Crim. App. 1994); Tex. Code Crim. P. Art.
38.23. 
2. It is not difficult to imagine that the same reasoning could be extended to require an inquiry into
how probable cause was acquired in other circumstances. Must we now examine the source of any
information relied on by a magistrate as the basis for probable cause to issue a warrant?