•            •           • 
 • • •





OPINION

No. 04-07-00737-CR

Ronald WILSON,
Appellant

v.

The STATE of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-2564
Honorable Sharon MacRae, Judge Presiding
 
Opinion by:    Sandee Bryan Marion, Justice
 
Sitting:            Alma L. López, Chief Justice
                        Catherine Stone, Justice
                        Sandee Bryan Marion, Justice

Delivered and Filed:   December 17, 2008

REVERSED AND REMANDED
            Defendant, Ronald Wilson, was charged with capital murder. After the denial of his motion
to suppress, defendant pled no contest and was sentenced to twenty-eight years’ confinement. In his
only issue on appeal, defendant argues the trial court erred in denying his motion to suppress because 
the police violated the law to obtain his confession. We agree that the police officer who
interrogated defendant violated Penal Code section 37.09 when he fabricated a forensic report and
used it to obtain defendant’s confession. Accordingly, we reverse the trial court’s judgment and
remand for a new trial.
BACKGROUND
            On January 5, 2006, defendant was arrested because of outstanding misdemeanor warrants. 
While at the police station, detective Raymond Roberts interviewed defendant about his involvement
in the January 1, 2006 murder of Amos Gutierrez.


 The interview was recorded and a video of the
interrogation is a part of the record on appeal. At the suppression hearing, the detective admitted he
fabricated a forensic lab report prior to the interrogation. The detective’s false report purported to
show defendant’s fingerprints on the magazine of the firearm used in the murder. In fact, no legible
prints were found on the magazine. Initially, defendant denied any involvement in the murder. 
However, after the detective showed defendant the fabricated forensic lab report and discussed with
defendant other incriminating evidence against him, defendant confessed to the murder, but claimed
it was an accident. Following his confession, defendant was indicted for capital murder. He filed
a motion to suppress his confession claiming it was obtained in violation of the law and, therefore,
was inadmissible under Texas Code of Criminal Procedure article 38.23. After the motion was
denied, defendant, pursuant to a plea agreement, pled no contest and was sentenced to twenty-eight
years’ confinement. This appeal ensued from the denial of defendant’s motion to suppress.STANDARD OF REVIEW
            We review the trial court’s ruling on a motion to suppress for an abuse of discretion. 
Swain v. State, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005). A trial court “abuses its discretion
if it refuses to suppress evidence that was obtained in violation of state statutory law and is,
therefore, inadmissible under Article 38.23.” Erdman v. State, 861 S.W.2d 890, 893 (Tex. Crim.
App. 1993) (en banc).TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 38.23
            At the suppression hearing, defendant argued the detective’s fabrication of the document used
to obtain his confession was a violation of the law and, therefore, pursuant to Texas Code of
Criminal Procedure article 38.23, the confession should have been suppressed. Under Article 38.23,
“[n]o evidence obtained by an officer . . . in violation of . . . [the] laws of the State of Texas . . . shall
be admitted in evidence against the accused on the trial of any criminal case.” Code Crim. Proc.
Ann. art. 38.23 (Vernon 2005). It is “settled law that the burden of proof is initially on the defendant
to raise the [article 38.23] exclusionary issue by producing evidence of a statutory violation, and that
this burden then shifts to the State to prove compliance.” Pham v. State, 175 S.W.3d 767, 772 (Tex.
Crim. App. 2005). However, before evidence is rendered inadmissible, a causal connection must
be shown between the violation of the law and the evidence obtained. Id. at 773. After the
defendant produces evidence of a causal connection, the State may either disprove the causal
connection or make an attenuation-of-taint argument. Id.
            If arguing attenuation-of-taint, the State must establish the taint of the violation was so far
removed from obtaining the evidence that the causal chain is broken. Id. When determining whether
the taint of a violation of the law was attenuated, the court considers the following four factors:
(1) whether Miranda warnings were given; (2) the temporal proximity of the violation and the
confession; (3) the presence of intervening circumstances; and (4) the purpose and flagrancy of the
official misconduct. Johnson v. State, 871 S.W.2d 744, 751 (Tex. Crim. App. 1994). 
SECTION 37.09 FABRICATING PHYSICAL EVIDENCE
            On appeal, defendant argues his confession should have been suppressed because the
detective obtained the evidence in violation of Penal Code section 37.09, which states: “A person
commits an offense if, knowing that an investigation or official proceeding is pending or in progress,
he . . . makes, presents, or uses any record, document, or thing with knowledge of its falsity and with
intent to affect the course or outcome of the investigation or official proceeding.” Tex. Penal Code
Ann. § 37.09 (Vernon 2003).
            The facts presented at the motion to suppress hearing and the plain language of section 37.09
lead to the conclusion that the detective violated section 37.09. See State v. Daugherty, 931 S.W.2d
268, 270 (Tex. Crim. App. 1996) (“In divining legislative intent, we look first to the language of the
statute. When the meaning is plain, we look no further.”). At the suppression hearing, the detective
testified he knew there were no legible fingerprints on the magazine of the gun found near the
victim’s body. The detective admitted he used an old report as a template to create the false
document on his computer, which said defendant’s prints were on the magazine. The detective
admitted to knowingly creating the false document with the intention that defendant would consider
the document as genuine and confess to shooting the victim. Thus, there is no dispute that the
detective knowingly made the fabricated forensic lab report and presented it to defendant intending
to affect the course of the investigation. Therefore, under the plain language of section 37.09, we
conclude the officer violated the laws of the State of Texas.



            The State asserts that even if the detective violated the law, the trial court correctly refused
to suppress the confession because defendant did not establish a causal connection between the
violation and his confessing to the murder. The State also argues “[defendant] cannot say with
specific certainty that his sole reason to confess to the murder was due to the fabricated police
report.” We do not agree with the State’s argument because a defendant is only required to
“produce[] evidence that there is a causal connection.” Pham, 175 S.W.3d at 773 (emphasis added). 
 At the suppression hearing, the detective conceded that the fabricated report was a cause of the
defendant’s ultimate confession. When asked if the confession “had everything to do with this
report,” the detective replied: “[i]t had a little something to do with it.” The detective testified that
the purpose of creating the report was to convince defendant to confess. Finally, even the trial court
acknowledged that the detective’s fabrication was a “turning point” in the interrogation. We
therefore conclude defendant met his burden of establishing that the police officer violated a law of
this State and this violation was a cause of his confession to the shooting. See Roquemore v. State,
60 S.W.3d 862, 871 n.13 (Tex. Crim. App. 2001) (en banc) (“[W]hen the purpose of violating the
law (the detour) is to recover the stolen property, we fail to see how there can be anything other than
a causal connection between the violation of law and the evidence concerning that very stolen
property. Stated another way, the evidence concerning the recovery of the stolen property was
obtained as a consequence of the officers first unlawfully taking the appellant to the stolen
property.”). 
            Finally, the State argues that even if there is a causal connection, there is too great of an
attenuation to establish the fabricated report caused the confession. We do not believe the facts
support an attenuation-of-the-taint argument. As discussed above, the court considers four factors
when deciding if the taint of the violation was attenuated. On appeal the State focuses only on the
third factor, intervening circumstances.


 The State argues there were intervening circumstances
between the violation of the law and the confession that attenuated the taint of the section 37.09
violation. Specifically, the State points to the other incriminating evidence the detective told
defendant he had against him.


 The detective initially showed defendant the report at 10:13 p.m. 
At 10:25:28, the detective mentioned the fingerprint report again and said to defendant: “I can’t get
over the fact that your fingerprints, you see the report, these are experts man, there ain’t no mistakes
on it.” Immediately after that statement, at 10:25:35, defendant admitted he shot the victim and
claimed it was an accident. Based on this record, we conclude the State did not meet its burden of
showing that the taint of the section 37.09 violation of fabricating the fingerprint report was so far
removed from obtaining the confession that the causal chain was in fact broken. See Pham, 175
S.W.3d at 773.

CONCLUSION 
            We sustain defendant’s issue on appeal and reverse the trial court’s judgment and remand
for further proceedings.


  
Sandee Bryan Marion, Justice
 
 
PUBLISH