*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# OPINION

No. 04-07-00737-CR

Ronald **WILSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-2564
Honorable Sharon MacRae, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Alma L. López, Chief Justice
Catherine Stone, Justice
Sandee Bryan Marion, Justice

Delivered and Filed:   December 17, 2008

REVERSED AND REMANDED

Defendant, Ronald Wilson, was charged with capital murder. After the denial of his motion to suppress, defendant pled no contest and was sentenced to twenty-eight years' confinement. In his only issue on appeal, defendant argues the trial court erred in denying his motion to suppress because the police violated the law to obtain his confession. We agree that the police officer who interrogated defendant violated Penal Code section 37.09 when he fabricated a forensic report and

used it to obtain defendant's confession. Accordingly, we reverse the trial court's judgment and remand for a new trial.

## BACKGROUND

On January 5, 2006, defendant was arrested because of outstanding misdemeanor warrants. While at the police station, detective Raymond Roberts interviewed defendant about his involvement in the January 1, 2006 murder of Amos Gutierrez.[1] The interview was recorded and a video of the interrogation is a part of the record on appeal. At the suppression hearing, the detective admitted he fabricated a forensic lab report prior to the interrogation. The detective's false report purported to show defendant's fingerprints on the magazine of the firearm used in the murder. In fact, no legible prints were found on the magazine. Initially, defendant denied any involvement in the murder. However, after the detective showed defendant the fabricated forensic lab report and discussed with defendant other incriminating evidence against him, defendant confessed to the murder, but claimed it was an accident. Following his confession, defendant was indicted for capital murder. He filed a motion to suppress his confession claiming it was obtained in violation of the law and, therefore, was inadmissible under Texas Code of Criminal Procedure article 38.23. After the motion was denied, defendant, pursuant to a plea agreement, pled no contest and was sentenced to twenty-eight years' confinement. This appeal ensued from the denial of defendant's motion to suppress.

## STANDARD OF REVIEW

We review the trial court's ruling on a motion to suppress for an abuse of discretion. *Swain v. State,* 181 S.W.3d 359, 365 (Tex. Crim. App. 2005). A trial court "abuses its discretion

---

[1] Defendant was connected to the murder investigation because on the night of the murder he called 911 stating he had discovered the victim's body.

if it refuses to suppress evidence that was obtained in violation of state statutory law and is, therefore, inadmissible under Article 38.23." *Erdman v. State*, 861 S.W.2d 890, 893 (Tex. Crim. App. 1993) (en banc).

## TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 38.23

At the suppression hearing, defendant argued the detective's fabrication of the document used to obtain his confession was a violation of the law and, therefore, pursuant to Texas Code of Criminal Procedure article 38.23, the confession should have been suppressed. Under Article 38.23, "[n]o evidence obtained by an officer . . . in violation of . . . [the] laws of the State of Texas . . . shall be admitted in evidence against the accused on the trial of any criminal case." CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2005). It is "settled law that the burden of proof is initially on the defendant to raise the [article 38.23] exclusionary issue by producing evidence of a statutory violation, and that this burden then shifts to the State to prove compliance." *Pham v. State*, 175 S.W.3d 767, 772 (Tex. Crim. App. 2005). However, before evidence is rendered inadmissible, a causal connection must be shown between the violation of the law and the evidence obtained. *Id.* at 773. After the defendant produces evidence of a causal connection, the State may either disprove the causal connection or make an attenuation-of-taint argument. *Id.*

If arguing attenuation-of-taint, the State must establish the taint of the violation was so far removed from obtaining the evidence that the causal chain is broken. *Id.* When determining whether the taint of a violation of the law was attenuated, the court considers the following four factors: (1) whether *Miranda* warnings were given; (2) the temporal proximity of the violation and the confession; (3) the presence of intervening circumstances; and (4) the purpose and flagrancy of the official misconduct. *Johnson v. State*, 871 S.W.2d 744, 751 (Tex. Crim. App. 1994).

## SECTION 37.09 FABRICATING PHYSICAL EVIDENCE

On appeal, defendant argues his confession should have been suppressed because the detective obtained the evidence in violation of Penal Code section 37.09, which states: "A person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he . . . makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent to affect the course or outcome of the investigation or official proceeding." TEX. PENAL CODE ANN. § 37.09 (Vernon 2003).

The facts presented at the motion to suppress hearing and the plain language of section 37.09 lead to the conclusion that the detective violated section 37.09. *See State v. Daugherty*, 931 S.W.2d 268, 270 (Tex. Crim. App. 1996) ("In divining legislative intent, we look first to the language of the statute. When the meaning is plain, we look no further."). At the suppression hearing, the detective testified he knew there were no legible fingerprints on the magazine of the gun found near the victim's body. The detective admitted he used an old report as a template to create the false document on his computer, which said defendant's prints were on the magazine. The detective admitted to knowingly creating the false document with the intention that defendant would consider the document as genuine and confess to shooting the victim. Thus, there is no dispute that the detective knowingly made the fabricated forensic lab report and presented it to defendant intending to affect the course of the investigation. Therefore, under the plain language of section 37.09, we conclude the officer violated the laws of the State of Texas.[2]

---

[2] The State argues that the detective's fabrication of the report was not a violation of state law, but instead a "valid interrogation technique." The State cites several interrogation and investigation manuals that encourage law enforcement to use deception when interrogating a suspect. One of the manuals the State relies on, however, contains the following footnote: "The investigator, however, should not prepare false incriminating documents that appear to have been generated through an official source (for example, a crime lab, the FBI). The reason for this is a concern that such falsified documents may find their way into the court system . . . ." Fred E. Inbau et. al., *Criminal Interrogation and*

The State asserts that even if the detective violated the law, the trial court correctly refused to suppress the confession because defendant did not establish a causal connection between the violation and his confessing to the murder. The State also argues "[defendant] cannot say with specific certainty that his sole reason to confess to the murder was due to the fabricated police report." We do not agree with the State's argument because a defendant is only required to "produce[] evidence that there is *a* causal connection." *Pham*, 175 S.W.3d at 773 (emphasis added). At the suppression hearing, the detective conceded that the fabricated report was a cause of the defendant's ultimate confession. When asked if the confession "had everything to do with this report," the detective replied: "[i]t had a little something to do with it." The detective testified that the purpose of creating the report was to convince defendant to confess. Finally, even the trial court acknowledged that the detective's fabrication was a "turning point" in the interrogation. We therefore conclude defendant met his burden of establishing that the police officer violated a law of this State and this violation was a cause of his confession to the shooting. *See Roquemore v. State*, 60 S.W.3d 862, 871 n.13 (Tex. Crim. App. 2001) (en banc) ("[W]hen the purpose of violating the law (the detour) is to recover the stolen property, we fail to see how there can be anything other than a causal connection between the violation of law and the evidence concerning that very stolen property. Stated another way, the evidence concerning the recovery of the stolen property was obtained as a consequence of the officers first unlawfully taking the appellant to the stolen property.").

Finally, the State argues that even if there is a causal connection, there is too great of an attenuation to establish the fabricated report caused the confession. We do not believe the facts

---

*Confessions* 217 n.2 (4th ed. 2001).

support an attenuation-of-the-taint argument. As discussed above, the court considers four factors when deciding if the taint of the violation was attenuated. On appeal the State focuses only on the third factor, intervening circumstances.[3] The State argues there were intervening circumstances between the violation of the law and the confession that attenuated the taint of the section 37.09 violation. Specifically, the State points to the other incriminating evidence the detective told defendant he had against him.[4] The detective initially showed defendant the report at 10:13 p.m. At 10:25:28, the detective mentioned the fingerprint report again and said to defendant: "I can't get over the fact that your fingerprints, you see the report, these are experts man, there ain't no mistakes on it." Immediately after that statement, at 10:25:35, defendant admitted he shot the victim and claimed it was an accident. Based on this record, we conclude the State did not meet its burden of showing that the taint of the section 37.09 violation of fabricating the fingerprint report was so far removed from obtaining the confession that the causal chain was in fact broken. *See Pham*, 175 S.W.3d at 773.

---

[3] Courts have recognized the following as intervening circumstances: "appearance before a magistrate, termination of the illegal custody, consultation with counsel, voluntary statement not made in response to police interrogation, consultation with parents, and the procurement of a valid arrest warrant before the confession." *Weems v. State*, 167 S.W.3d 350, 360 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (footnotes omitted).

[4] During the interrogation, in addition to showing defendant the fabricated report, the detective told defendant the police collected the following incriminating evidence against him: (1) defendant's grandmother did not confirm defendant's alibi for the night of the murder; (2) several witnesses gave sworn statements that defendant tried to sell a gun without a clip after the murder; (3) several witnesses reported that defendant tried to buy drugs with bloody money; and (4) several witnesses saw defendant running away from the crime scene and they picked defendant out of a photo lineup.

# CONCLUSION

We sustain defendant's issue on appeal and reverse the trial court's judgment and remand for further proceedings.[5]

Sandee Bryan Marion, Justice

PUBLISH

---

[5] Because our decision regarding the section 37.09 violation is dispositive, we do not address the remaining issues of whether the police officer also violated Penal Code section 37.10 or whether defendant's confession was voluntary.