Opinion issued November
10, 2010



In The

Court of Appeals

For The

First District of Texas

————————————

No. 01-09-00720-CR

————————————

vince
colangelo, Appellant

V.

The State of Texas,
Appellee



 



 

On Appeal from the County Criminal
Court at Law No. 14

Harris
County, Texas



Trial Court Cause No.
1565387

 



 

MEMORANDUM OPINION

          Appellant, Vince Colangelo, appeals
from a judgment convicting him of driving while intoxicated.  Appellant entered a plea of guilty after the
trial court denied his motion to suppress evidence.  The trial court assessed appellant’s sentence
to be confinement in the Harris County jail for one year, probated for two
years, and a $200 fine.  In his sole issue
on appeal, appellant contends that the trial court erred in denying his motion
to suppress the results of a blood test. 
We find that the trial court properly refused to grant appellant’s
motion to suppress.  We affirm.

Background

          One evening, appellant was riding his
motorcycle when the vehicle in front of him made a sudden stop.  Appellant’s motorcycle skidded on its side
but apparently did not collide with any vehicle.  Appellant suffered a head contusion and skin
abrasions on his head, arms, and legs. 
An ambulance paramedic dressed these wounds, but appellant declined transport
to a hospital.

          The police arrived and perceived that
appellant’s breath smelled of alcohol.  Appellant
acknowledged having had a few beers in the three hours preceding the wreck.  An officer asked appellant to perform some
standardized field sobriety tests.  Appellant
refused.  Suspecting that appellant was
intoxicated, the officer handcuffed appellant and transported him to the police
station.  There, appellant refused to submit
a specimen of his breath for analysis.  Defendant
was then booked and confined.

          After being booked, appellant requested
medical treatment.  Appellant was transported
to the emergency room at Bayshore Medical Center, where he was admitted
approximately three and a half hours after the wreck.  Upon being admitted, appellant signed the
Conditions of Admission, which contains a clause stating that the patient
consents to any “procedures which may be performed . . . including . . . laboratory
procedures . . . [and] diagnostic procedures . . . rendered to [the patient] as
ordered by [the] physician.”  Appellant
complained of head pain.  The attending
physician ordered that a blood test be performed to determine the course of
treatment appropriate for appellant. 
According to the physician, it is standard protocol to order a blood
test where a patient may have suffered head trauma in a motor vehicle accident.  The nurse on duty informed appellant that, pursuant
to the doctor’s order, she was going to draw a specimen of appellant’s blood so
that a blood test could be performed.  The
nurse drew appellant’s blood, which was tested.  The test results revealed that appellant’s
blood alcohol concentration was 0.175 grams per 100 milliliters of blood.  Cf.
Tex. Penal Code Ann. §
49.01(1)–(2) (Vernon 2003) (defining “intoxication” as greater than or equal to
0.08 grams per 100 milliliters of blood).

          The trial court conducted the hearing
on appellant’s motion to suppress the blood test results on the basis of
affidavits submitted by appellant and by the State.[1]  In his affidavit testimony, appellant avers
that he informed the nurse that he did not consent to the drawing of a blood
sample and that he asked her not to do so. 
The State did not provide any evidence to controvert appellant’s
statement, but it did provide the attending physician’s affidavit, attesting
that appellant signed the Conditions of Admission, which included a consent-to-treatment
clause.  In denying appellant’s motion to
suppress, the trial court found the attending physician to be a credible
witness and it accepted as true his affidavit testimony that appellant gave his
written consent.  The trial court did not
enter any finding regarding appellant’s affidavit testimony that he voiced his
opposition to the nurse.

Motion to Suppress

          In his sole issue, appellant
challenges his conviction on the ground that the trial court erred in refusing
to grant his motion to suppress the blood test results.  Appellant contends that the blood sample was
obtained in violation of Texas law.  Specifically,
appellant asserts that the drawing of his blood constituted an assault absent
his consent.  See Tex. Penal Code Ann.
§§ 22.01(a)(3) (elements of assault), 22.06(a)(2)(B) (consent is defense to
assault) (Vernon Supp. 2010); Tex.
Health & Safety Code Ann. § 773.008 (Vernon 2010) (when consent to
emergency care is not required).

A.      Standard of Review

An appellate court reviews
for abuse of discretion a trial court’s ruling on a challenge to the admission
of evidence, including a motion to suppress. 
Amador v. State, 275 S.W.3d
872, 878 (Tex. Crim. App. 2009).  “In
other words, the trial court’s ruling will be upheld if it is reasonably
supported by the record and is correct under any theory of law applicable to
the case.”  Id. at 878–79.  In evaluating whether the record
reasonably supports a trial court’s determination, an appellate court views the
evidence in the light most favorable to the trial court’s determination.  State
v. Garcia-Cantu, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008).

An appellate court should
give almost complete deference to a trial court’s determination of a question
of historical fact if it is supported by the record.  Id.  Additionally, an appellate court should
give almost complete deference to a trial court’s determination of a mixed
question of law and fact that turns on an evaluation of credibility and
demeanor if that determination is supported by the record.  Id.  In contrast, an appellate court should
review de novo questions of law and mixed questions of law and fact that do not
turn on an evaluation of credibility and demeanor.  Id.  Where the trial court did not make
explicit factual findings, an appellate court will imply that it made those
findings that are necessary to uphold the trial court’s ruling if such findings
are supported by the record evidence, viewed in the light most favorable to the
ruling.  Id.

 

B.      Applicable Law for
Review of Motion to Suppress

          In a criminal case, a trial court must
exclude, upon appropriate objection, any evidence “obtained by an officer or
other person in violation of” Texas or federal law.  Tex. Code
Crim. Proc. art 38.23(a) (Vernon 2005). 
This exclusionary rule applies to illegal action by private citizens as
well as law enforcement.  State v. Johnson, 939 S.W.2d 586, 587–88
(Tex. Crim. App. 1996); State v. Kelly,
166 S.W.3d 905, 910 (Tex. App.—Corpus Christi 2005), aff’d, 204 S.W.3d 808 (Tex. Crim. App. 2006).  “Thus, if [a defendant’s] blood was taken in
violation of any state or federal law or constitutional provision, not only the
blood but also the results of the blood test would be properly suppressed.”  Kelly,
166 S.W.3d at 910 (citing Johnson v.
State, 871 S.W.2d 744, 750 (Tex. Crim. App. 1994)).

          C.      Applicable Law for Blood Drawn Without
Consent

          A person commits the criminal offense
of assault if he intentionally or knowingly causes physical contact with
another when he knows or should reasonably believe that the other will regard
the contact as offensive or provocative. 
Tex. Penal Code Ann. §
22.01(a)(3).  That person has a defense
to assault if the contact is incident to a recognized medical treatment and the
other person effectively consented or that person had a reasonable belief that
the other person consented.  Tex. Penal Code Ann. § 22.06(a)(2)(B); see also Tex. Health & Safety Code Ann. § 773.008 (when consent is
not required for emergency care).

          If appellant voiced his opposition to
having his blood drawn, the nurse should reasonably have believed that he would
regard it as offensive and that he had withdrawn his consent.  Blood drawn without a person’s consent would
be an assault, which would require the exclusion of the blood test results.  See
Tex. Penal Code Ann. §§ 22.01(a)(3),
22.06(a)(2)(B); Kelly, 166 S.W.3d at
910.

D.      Analysis

          Appellant argues that we should review
de novo the trial court’s ruling because its determinations of historical fact were
based solely on affidavits and thus did not turn on an evaluation of
credibility or demeanor.  Appellate
courts, however, give almost complete deference to trial court findings of
historical fact even where that finding “do[es] not rest on credibility
determinations, but [is] based instead on . . . inferences from other facts.”  Manzi
v. State, 88 S.W.3d 240, 243 (Tex. Crim. App. 2002) (quoting Anderson v. City of Bessemer City, North
Carolina, 470 U.S. 564, 573–74 (1985)). 
Moreover, “the trial court is not required to believe the factual
statements made in an affidavit, even when [it is] uncontradicted by other
affidavits.”  Proctor v. State, 01-08-01041-CR, 2010 WL 2545605, at *185 (Tex.
App.—Houston [1st Dist.] June 24, 2010, no pet.) (citing Charles v. State, 146 S.W.3d 204, 213 (Tex. Crim. App. 2004)).

          We must imply that the trial court found that
appellant lacked credibility in his claim that, by voicing his opposition, he withdrew
his written consent to having his blood drawn. 
Appellant had a self-interest in making that assertion.  See
Shanklin
v. State, 190 S.W.3d 154, 166–67 (Tex. App—Houston [1st Dist.] 2005,
pet. granted) (“The court may consider the interest and bias of any witness and
is not required to accept as true the testimony of the accused or any defense
witness simply because it was uncontradicted.”) 
We find that the trial court’s implicit
finding is supported by the record, which shows that appellant consented in
writing to having his blood drawn, and that the trial court could have
reasonably disregarded appellant’s claims as lacking in credibility.

          We hold that the trial court did not abuse its
discretion in denying appellant’s motion to suppress.  We overrule appellant’s sole issue.

Conclusion

          We
affirm the judgment.

 

                                                                   

 

                                                                   Elsa
Alcala

                                                                   Justice

 

Panel consists of Justices Jennings, Alcala,
and Sharp.

 

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]           By
agreement, the parties stipulated to the admissibility of affidavits forming
the factual basis of the evidence presented to the court on appellant’s First
Amended Motion to Suppress. See Tex. Crim. Proc. Code Ann. art. 28.01(6) (Vernon 2006) (“[T]he court may determine
the merits of [a motion to suppress] on the motions themselves, or upon
opposing affidavits, or upon oral testimony, subject to the discretion of the court
. . . .”).  Appellant has not challenged a denial of his right to
confront.