

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0960-10

### THE STATE OF TEXAS

### v.

### RANDALL CHUPIK, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### TRAVIS COUNTY

JOHNSON, J., filed a concurring opinion.

### C O N C U R R I N G   O P I N I O N

The issue presented by the State Prosecuting Attorney (SPA) is the extent of the state's right

to an interlocutory appeal when a trial court has granted a defendant's motion to suppress evidence.

In this case, the SPA explicitly limits its definition of the issue "to the narrow circumstances [in

which] the evidence is suppressed because it was 'illegally obtained,' and does not include the

exclusion of evidence for other reasons, such as a violation of the rules of evidence. In the latter

instance, specification of the evidence would usually be necessary to the reviewing court's

determination of any trial-court error in the admissibility ruling."[1] The SPA argues in its brief[2] that available case law deals with the standards and protocols when a defendant appeals the denial of a motion to suppress evidence. *See, e.g., Gonzales v. State,* 966 S.W.2d 521 (Tex. Crim. App. 1998). This is a mirror image of the circumstances of the case before us. The state also asserts that this appears to be a case of first impression, saying that it is unaware of any case law from this Court that has addressed the present issue. However, *Johnson v. State*, 871 S.W.2d 744 (Tex. Crim. App. 1994), is directly on point.

Johnson was indicted for capital murder. He moved to suppress evidence, and the trial court granted his motion. The state appealed, and the court of appeals reversed the suppression ruling. Both sides filed petitions for discretionary review. In one of three grounds, Johnson challenged the sufficiency of the state's petition,[3] asking whether Article 44.01(a)(5) permitted "the defendant awaiting trial [to] challenge that certification in the trial court and on appeal." *Id.* at 748.

This Court held that

> [t]he plain language of the literal text of Art. 44.01(a)(5) provides for the State to appeal a suppression order if jeopardy has not attached and the prosecuting attorney makes the . . . requisite certification to the trial court. . . . Appellee simply seeks to challenge the verity of the State's certification. Art. 44.01 does not include a provision for making such a challenge. The plain language of Art. 44.01(a)(5) simply requires the certification rather than any showing of the underlying basis for such.

*Id.* at 749.

---

[1] SPA's Brief, p.4 n.2.

[2] In a record hearing before the trial court, Mr. Chupik declined to file a brief or to be represented on appeal.

[3] Does Art. 44.01(a)(5), V.A.C.C.P. grant absolute discretion to the prosecutor to appeal any pretrial ruling suppressing evidence, a confession or admission simply by certifying that it is of substantial importance in the case, as the court held below, or may the defendant awaiting trial challenge that certification in the trial court and on appeal?

The state's burden is defined, as the *Johnson* Court's opinion states, by the plain language of the statute. The statute's plain, unambiguous language authorizes an interlocutory appeal by the state based solely on the state's certification that "the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case."[4] Under both *Johnson* and the statute, the verity of that certification may not be challenged nor may the state be required to place into the record the evidence that was suppressed or to submit to cross-examination on the issue of substantial importance.

With these comments, I join the opinion of the court.

Filed: June 15, 2011
Publish

---

[4] It may be that, if later events reveal a lack of good faith in the filing of the required certification, the prosecuting attorney who filed it could be subject to discipline.