Opinion filed June 19, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00163-CR

_____

## ERIC WILLIAMS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-37,634**

### MEMORANDUM OPINION

After the trial court denied his motion to suppress evidence, Eric Williams pleaded guilty to the offense of possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010). Pursuant to the plea agreement, the trial court sentenced Appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of five years. In a

single issue, Appellant challenges the trial court's denial of his motion to suppress. We affirm.

*Background Facts*

Appellant was charged with possession of cocaine in an amount of four grams or more but less than two hundred grams. Appellant alleged in his motion to suppress that the cocaine was discovered as a result of an illegal detention. Corporal Ben Hernandez of the Odessa Police Department testified at the hearing that he was on patrol during the early morning hours of September 3, 2008, when he observed Appellant's vehicle leaving a club known as Jaguars. Officer Hernandez explained that he knew Appellant worked at Jaguars and that he recognized the vehicle, a maroon 1994 Buick LeSabre, as the vehicle associated with Appellant. Officer Hernandez stated that he stopped Appellant's vehicle based on an outstanding warrant for Appellant arising from a contempt-of-court finding in a child support matter. Upon contacting Appellant, the driver of the vehicle, Officer Hernandez arrested him based upon the outstanding warrant.

Officer Hernandez then called a canine unit to do an open air sniff of Appellant's vehicle. Officer Hernandez testified that he requested the canine unit because he knew Appellant dealt cocaine from the club where he worked. The canine positively indicated a presence of drugs in the vehicle, and 9.6 grams of cocaine were subsequently found inside.

*Analysis*

In a single issue on appeal, Appellant argues that the trial court erred when it denied his motion to suppress. He focuses his contention on the allegation that Officer Hernandez did not recall when he learned about the arrest warrant for Appellant or "any other particularities regarding its existence." Appellant also contends that Officer Hernandez did not know that Appellant was driving the

2

vehicle when he stopped it. Based upon these contentions, Appellant argues that Officer Hernandez lacked reasonable suspicion to stop him.

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011); *Lujan v. State*, 331 S.W.3d 768, 771 (Tex. Crim. App. 2011). In reviewing a ruling on a motion to suppress, we apply a bifurcated standard of review. *Martinez*, 348 S.W.3d at 922–23; *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010). We afford almost total deference to the trial court's determination of historical facts and of mixed questions of law and fact that turn on the weight or credibility of the evidence. *Martinez*, 348 S.W.3d at 922–23; *Lujan*, 331 S.W.3d at 771. We review de novo the trial court's determination of pure questions of law and mixed questions of law and fact that do not depend on credibility determinations. *Martinez*, 348 S.W.3d at 923.

A police officer has reasonable suspicion to detain a person if he has specific and articulable facts that, combined with rational inferences from those facts, would lead him to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity. *See Terry v. Ohio*, 392 U.S. 1, 21–22, (1968); *Crain v. State*, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010). Additionally, an officer's belief that the owner of a vehicle has an outstanding arrest warrant may constitute reasonable suspicion justifying an investigative stop of the vehicle. *See Hurtado v. State*, 881 S.W.2d 738, 742 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). Whether the totality of the circumstances is sufficient to support an officer's reasonable suspicion is a legal question that we review de novo. *Madden v. State*, 242 S.W.3d 504, 517 (Tex. Crim. App. 2007).

At the hearing on Appellant's motion to suppress, Officer Hernandez testified that he stopped Appellant's vehicle based on his awareness of Appellant's outstanding warrant. Officer Hernandez explained that he became aware of

Appellant's outstanding warrant through an electronic database known as the "PD Stat" system. Although Officer Hernandez could not remember if he checked the system immediately before he stopped Appellant, he noted that officers were supposed to review the system on a daily basis. Officer Hernandez also noted that a record check at the scene confirmed the existence of Appellant's outstanding warrant.

We assume that the trial court determined Officer Hernandez's testimony to be credible because it denied Appellant's motion to suppress. The applicable standard of review requires us to defer to that determination. *See Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007) (finding that, when the trial court does not make explicit findings of fact in ruling on a motion to suppress evidence, appellate courts review the evidence in a light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supported by the record). Officer Hernandez's testimony and the existence of the arrest warrant support the trial court's implicit determination that Officer Hernandez had reasonable suspicion to stop Appellant's vehicle. Moreover, even if Officer Hernandez lacked reasonable suspicion to make the stop, his immediate confirmation of the arrest warrant prior to the discovery and seizure of the cocaine sufficiently attenuated any possible taint from the initial detention. *See State v. Mazuca*, 375 S.W.3d 294, 301–07 (Tex. Crim. App. 2012); *Johnson v. State*, 871 S.W.2d 744, 750 (Tex. Crim. App. 1994). Accordingly, the trial court did not abuse its discretion in denying Appellant's motion to suppress. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

June 19, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.