**UNITED STATES of America, Appellee,**

v.

**Stephen R. DeANGELO, Appellant.**

**No. 77–1132.**

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 12, 1978.
Decided Oct. 4, 1978.

Marvin D. Miller, Norfolk, Va., for appellant.

Robert F. McDermott, Jr., Asst. U. S. Atty., Alexandria, Va. (William B. Cummings, U. S. Atty., Alexandria, Va., and Guy B. Maseritz, Sp. U. S. Atty., Washington, D. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and PHILLIPS, Circuit Judges.

BUTZNER, Circuit Judge:

Stephen DeAngelo appeals his conviction for the unlawful possession of drugs, assigning as error the district court's admission of evidence seized in an airport search. Because we believe that the search was reasonable, we find no infringement of the fourth amendment.

The airport terminal displayed signs which stated: "X-RAY BAGGAGE INSPECTION. CARRY ON BAGGAGE IS BEING INSPECTED BY X-RAY. INSPECTION WILL NOT AFFECT ORDINARY UNDEVELOPED FILM. PHYSICAL INSPECTION MAY BE REQUESTED." DeAngelo submitted his brief case to x-ray examination. When a large portion of the case appeared black on the x-ray screen, the security officer told him that a physical inspection would be necessary. DeAngelo protested, saying that he preferred not to take his flight rather than permit the inspection. Security officers opened the brief case nevertheless and saw some marijuana and some hashish. DeAngelo was then arrested, and a search of the brief case and DeAngelo incident to the arrest revealed other drugs.

DeAngelo contends that he had a right to avoid the physical inspection by electing not to board the flight. He emphasizes that the sign did not say that his brief case would be subject to search, but only that physical inspection "may be requested."

In *United States v. Epperson,* 454 F.2d 769 (4th Cir. 1972), we upheld the validity of an aircraft boarding search under the rationale of the stop and frisk exception to the warrant requirement that was established by *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Here, as in *Terry* and *Epperson,* we believe that the circumstances were sufficiently suspicious to cause a reasonably prudent man to conclude that DeAngelo might endanger the security officers and the other passengers in the airport. The officers knew that DeAngelo had attempted to board the aircraft carrying a brief case that could not be inspected adequately by x-ray, and they were justified in opening it to determine whether he was carrying a gun or explosive device which could pose an immediate danger to persons in the vicinity if the brief case were returned to him. Applying the principles expressed in *Epperson,* we conclude that the officers acted reasonably and that the search was not forbidden by the fourth amendment. *Accord, United States v. Homburg,* 546 F.2d 1350, 1352–54 (9th Cir. 1977); *United States v. Dalpiaz,* 494 F.2d 374, 376–79 (6th Cir. 1974).

We also conclude that the search was reasonable because DeAngelo consented to it. The FAA security regulations state that the screening system is designed to deter as well as prevent passengers from carrying weapons or explosives. 14 C.F.R. 121.538(b). DeAngelo had a choice of traveling by air or by some other means. The signs in the terminal gave him fair notice that if in the course of the total screening process a physical inspection of his hand luggage should be considered necessary to assure the safety of the traveling public, he

could be required to submit it for that purpose. When he then voluntarily entered upon the screening process DeAngelo acquiesced in its full potential scope as represented to him, including physical inspection if, as developed, that should be requested. Allowing him to withdraw his luggage when the x-ray raised the suspicions of the security officers would frustrate the regulation's purpose of deterring hijacking. We therefore conclude that having consented to the search, DeAngelo could not withhold permission after the first step of the process disclosed that he was attempting to carry aboard the aircraft articles that were concealed from x-ray. *See United States v. Edwards,* 498 F.2d 496 (2d Cir. 1974); *United States v. Skipwith,* 482 F.2d 1272, 1277, 1280 (5th Cir. 1973). *Contra, United States v. Homburg,* 546 F.2d 1350, 1351–52 (9th Cir. 1977).

The judgment of the district court is affirmed.