ACCEPTED
03-14-00651-CR
3718009
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/9/2015 3:28:00 PM
JEFFREY D. KYLE
CLERK

# No. 03-14-00651-CR

In the
Court of Appeals
Third District
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

1/9/2015 3:28:00 PM

JEFFREY D. KYLE
Clerk

---

**The State of Texas,**
Appellant

v.

**Gerardo Jerry Ayala,**
Appellee

---

Appeal from the 167th Judicial District Court
Travis County, Texas
Cause Number D-1-DC-13-200850

---

## STATE'S BRIEF

---

**Rosemary Lehmberg**
District Attorney
Travis County

**Angie Creasy**
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4810
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

*Oral argument is requested*

## Identity of Parties and Counsel

| | |
|---|---|
| Trial Judge: | **P. David Wahlberg**<br>167th Judicial District Court<br>P.O. Box 1748<br>Austin, Texas 78767 |
| Trial Counsel for State: | **Aurora Perez**<br>Travis County District Attorney's Office<br>P.O. Box 1748<br>Austin, Texas 78767 |
| Appellate Counsel for State: | **Angie Creasy**<br>Travis County District Attorney's Office<br>P.O. Box 1748<br>Austin, Texas 78767 |
| Defendant/Appellee: | **Gerardo Jerry Ayala**<br>2531 Berkeley Avenue<br>Austin, Texas 78745 |
| Counsel for Defendant: | **Christina Tagle**[1]<br>812 San Antonio Street<br>Austin, Texas 78701 |

---

[1] Ms. Tagle has filed a letter with the Third Court of Appeals stating that she is not representing Mr. Ayala on appeal.

# Table of Contents

Identity of Parties and Counsel ............................................................. i

Index of Authorities.......................................................................... iii

Statement of the Case .........................................................................v

Statement of Facts ..............................................................................1

Summary of the State's Argument......................................................... 5

Standard of Review............................................................................. 5

Argument............................................................................................ 6

    Point One: The evidence is admissible because the blood draw was mandated by statute, and the statute is constitutionally reasonable under the Fourth Amendment......................................................... 7

    Point Two: Alternatively, the blood draw evidence is admissible because the defendant is deemed to have consented to the taking of a specimen, per Tex. Transp. Code § 724.011(a)............................12

    Point Three: Assuming, arguendo, that the blood draw is unconstitutional, the Texas exclusionary rule still does not bar admission of the evidence.................................................................14

    Point Four: The federal exclusionary rule does not bar admission of the evidence either....................................................................18

Prayer ..............................................................................................21

Certificate of Compliance and Service............................................. 22

# Index of Authorities

## Cases

*Aliff v. State*, 627 S.W.2d 166 (Tex. Crim. App. 1982) .................15, 20

*Breithaupt v. Abram*, 352 U.S. 432, 77 S. Ct. 408, 1 L. Ed. 2d 448 (1957)............................................................................................10

*Davis v. United States*, 564 U.S. ___, 131 S. Ct. 2419, 180 L. Ed. 285 (2011)............................................................................................19

*Illinois v. Krull*, 480 U.S. 340, 107 S. Ct. 1160, 94 L. Ed. 2d 364 (1987) ............................................................................................................18

*Luquis v. State*, 72 S.W.3d 355 (Tex. Crim. App. 2002).....................11

*Maryland v. King*, ___ U.S. ___, 133 S. Ct. 1958, 186 L. Ed. 2d 1 (2013) ............................................................................................................ 8

*McCambridge v. State*, 778 S.W.2d 70 (Tex. Crim. App. 1989).........13

*Muniz v. State*, 851 S.W.2d 238 (Tex. Crim. App. 1993).................... 7

*Neesley v. State*, 239 S.W.3d 780 (Tex. Crim. App. 2007)............ 8, 10

*People v. Youn*, 2014 Cal. App. LEXIS 799 (Cal. App. 2d Dist. Aug. 15, 2014)......................................................................................... 20

*Samson v. California*, 547 U.S. 843, 126 S. Ct. 2193, 165 L. Ed. 2d. 250 (2006)..................................................................................... 8

*Segundo v. State*, 270 S.W.3d 79 (Tex. Crim. App. 2008).................. 8

*Shepherd v. State*, 273 S.W.3d 681 (Tex. Crim. App. 2008) .............. 6

*South Dakota v. Neville*, 459 U.S. 553, 103 s. Ct. 916, 74 L. Ed. 2d 748 (1983) ......................................................................................10

*State v. Adkins*, 433 N.J. Super. 479, 81 A.3d 680 (App. Div. Dec. 20, 2013)..............................................................................................17

*State v. Johnson*, 871 S.W.2d. 744 (Tex. Crim. App. 1994)................16

*State v. Johnston*, 336 S.W.3d 649 (Tex. Crim. App. 2011) ...............10

*State v. Laird*, 38 S.W.3d 707 (Tex. App.—Austin 2000, pet. ref'd).20

*State v. Laird*, 38 S.W.3d 707, 713 (Tex. App.—Austin 2000, pet. ref'd) ...........................................................................................15

*State v. Mosely,* 348 S.W.3d 435 (Tex. App.—Austin 2011, pet. ref'd) ............................................................................................................11

*State v. Villarreal*, No. PD-0306-14, 2014 Tex. Crim. App. LEXIS 1898 (Tex. Crim. App. Nov. 26, 2014)............................... 6, 8, 12, 14

*te v. Mosely,* 348 S.W.3d 435 (Tex. App.—Austin 2011, pet. ref'd)....10

*United States v. Brooks*, No. PWG-14-0053, 2014 U.S. Dist. LEXIS 67417 (D. Md. May 16, 2014) (mem. op.) ........................................20

*United States v. De Angelo*, 584 F.2d 46 (4th Cir. 1978) ...................13
*United States v. Herzbrun*, 723 F.2d 773 (11th Cir. 1984) .................13
*United States v. Spriggs*, 827 F. Supp. 372 (E.D. Va. 1993) ..............13
*Wehrenberg v. State*, 416 S.W.3d 458 (Tex. Crim. App. 2013)..........16
*Winston v. Lee*, 470 U.S. 753, 105 S. Ct. 1611, 84 L. Ed. 2d 662 (1985)
.................................................................................................10

**Statutes**

Tex. Code Crim. Proc. art. 38.23 ....................................................14
Tex. Penal Code § 49.04 .....................................................................v
Tex. Penal Code § 49.09 .....................................................................v
Tex. Transp. Code § 724.011 .............................................................12
Tex. Transp. Code § 724.012.........................................................7, 18
Tex. Transp. Code § 724.017............................................................ 11

## Statement of the Case

A grand jury indicted the defendant for driving while intoxicated with two prior convictions. CR 12-13; Tex. Penal Code § 49.04, 49.09(b)(2). The trial court granted the defendant's motion to suppress the blood test results, and the State gave notice of appeal. CR 79, 84-86, 89.

# No. 03-14-00651-CR

In the
Court of Appeals
Third District
Austin, Texas

---

**The State of Texas,**
Appellant

v.

**Gerardo Jerry Ayala,**
Appellee

---

Appeal from the 167th Judicial District Court
Travis County, Texas
Cause Number D-1-DC-13-200850

---

## STATE'S BRIEF

---

To the Honorable Third Court of Appeals:

Now comes the State of Texas and files this brief, and in support

thereof respectfully shows the following:

## Statement of Facts

After a hearing, the trial court made the following findings of fact:

1. The court finds Brian Brejcha's, Adam Master's, Brandon Kunkel's and Judge Olivia Ruiz's testimony credible.

1

2. On February 9, 2013, the defendant was involved in a collision involving two other cars. The scene of the collision was approximately 5-7 miles away from the Travis County Jail. No one in the accident was injured and EMS was declined. No one was transported to the hospital. Officer Masters made contact with the defendant who seemed confused and had an odor of alcohol on his breath. He called for another unit to assist in the investigation. Other units were already on scene working the collision. Officer Brejcha arrived on scene with his field training officer Kunkel. They took over the DWI investigation. After asking a series of questions Brejcha requested that defendant perform a series of standardized field sobriety tests. Brejcha observed 6 out of 6 clues on the horizontal gaze nystagmus test and the defendant declined to perform the other tests.

3. Officer Brejcha arrested the defendant for driving while intoxicated.

4. Officer Brejcha read the DIC 24 (statutory warnings) to the defendant.

5. The defendant refused Officer Brejcha's request to voluntarily submit to the taking of a blood specimen.

6. Shortly after the arrest, Officer Brejcha received reliable information from a credible source that the defendant had been previously convicted, on two occasions, of driving while intoxicated.

7. Relying on Tex. Transp. Code §§ 724.011 and 724.012(b), Officer Brejcha directed a phlebotomist at the Travis County Jail to take a blood sample from the defendant.

8. A magistrate is available 24 hours a day, every day at the central booking facility for Travis County, which is located in the basement of the Travis County Jail.

9. It would take an additional 30 minutes for the officers to get a search warrant for blood.

10. Officer Brejcha was aware that a magistrate was on duty and available but did not attempt to get a search warrant to draw blood.

CR 88-89.

The defendant argued that the warrantless blood draw violated the Fourth Amendment because there was neither consent nor exigent circumstances. CR 34-36.

The State argued that the evidence is admissible because the blood draw was mandated by Tex. Transp. Code § 724.011(b), and the statute is constitutionally reasonable under the Fourth Amendment. CR 43-47.

The State also argued that the blood draw evidence is admissible because the defendant is deemed to have consented to the taking of a specimen, per Tex. Transp. Code § 724.011(a). CR 40-42.

Finally, the State argued that, even if the blood draw was unconstitutional, (1) The Texas exclusionary rule does not apply because the police did not violate the law as it existed at the time of

the search, and (2) The federal exclusionary rule does not bar admission of the evidence either because the police were acting in good faith reliance on both statutes and appellate precedent. CR 48-49.

The trial court made the following conclusions of law and granted the motion to suppress:

11. Officer Brejcha had probable cause to arrest the defendant.

12. Officer Brejcha acted in good faith when he relied on Tex. Transp. Code §§ 724.011 and 724.012(b) to draw blood.

13. The officer did not obtain a search warrant.

14. The Defendant did not consent to the taking of a specimen of his breath or blood.

15. There were not exigent circumstances in this case.

16. Because there was no warrant and no exigent circumstances, the blood draw in the defendant's case violated the Fourth Amendment to the U.S. Constitution. *See Missouri v. McNeely*, 133 S. Ct. 1552 (2013).

On the basis of the above findings and conclusions, the motion to suppress the blood draw evidence is GRANTED.

CR 79, 89. The State is appealing this order. CR 84-86.

## Summary of the State's Argument

***Point One:*** The evidence is admissible because the blood draw was mandated by Tex. Transp. Code § 724.011(b), and the statute is constitutionally reasonable under the Fourth Amendment.

***Point Two:*** Alternatively, the blood draw evidence is admissible because the defendant is deemed to have consented to the taking of a specimen, per Tex. Transp. Code § 724.011(a).

***Point Three:*** Even if the blood draw was unconstitutional, the Texas exclusionary rule does not apply because the police did not violate the law as it existed at the time of the search.

***Point Four:*** The federal exclusionary rule does not bar admission of the evidence either because the police were acting in good faith reliance on both statutes and appellate precedent.

## Standard of Review

The appellate court reviews a ruling on a motion to suppress evidence for an abuse of discretion. The appellate court views the facts in the light most favorable to the trial court's decision. The appellate court reviews *de novo* the trial court's application of the law

of search and seizure to those facts. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008).

## Argument

As a starting point, the State acknowledges that the Texas Court of Criminal Appeals recently held that a warrantless blood draw, conducted pursuant to the mandatory blood draw statute, violated the Fourth Amendment because it did not fall under any recognized exception to the warrant requirement. The court held that implied consent that has been withdrawn by a suspect cannot serve as a substitute for the free and voluntary consent that the Fourth Amendment requires. *State v. Villarreal*, No. PD-0306-14, 2014 Tex. Crim. App. LEXIS 1898 (Tex. Crim. App. Nov. 26, 2014).

The court's decision in *Villarreal* directly contradicts the arguments made by the State in Points One and Two. The State is making these arguments to preserve error because *Villarreal* is not yet final, but in light of *Villarreal*, the State asks this Court to focus on Points Three and Four.

***Point One: The evidence is admissible because the blood draw was mandated by statute, and the statute is constitutionally reasonable under the Fourth Amendment.***

**The warrantless blood draw was mandated by statute.**

Tex. Transp. Code § 724.012(b)(3)(B) mandated the warrantless blood draw in this case. The statute does not specifically state that the blood draws should be undertaken without a warrant, but when a statute *mandates* that the police do something, it is incompatible to read in a requirement that they get approval from a magistrate as well. What happens when the magistrate refuses to issue a warrant? Should the police comply with the statute's mandate to draw blood or abide by the magistrate's decision? Because it would lead to absurd results, the mandatory blood draw statute cannot be interpreted to require warrants. *Muniz v. State*, 851 S.W.2d 238, 244 (Tex. Crim. App. 1993) (stating that courts should prefer an interpretation of a statute that does not yield absurd results).

**The court should conduct a traditional balancing test to evaluate the constitutionality of the statute.**

Because the search in this case was mandated by statute, the State asks this Court to apply a traditional Fourth Amendment balancing

7

test, which weighs the statute's promotion of legitimate government interests against the intrusion on individual privacy. *See Maryland v. King*, ___ U.S. ___, 133 S. Ct. 1958, 186 L. Ed. 2d 1 (2013); *Segundo v. State*, 270 S.W.3d 79, 96-99 (Tex. Crim. App. 2008); *Samson v. California*, 547 U.S. 843, 126 S. Ct. 2193, 165 L. Ed. 2d. 250 (2006).

A balancing test is consistent with the plain language of the Fourth Amendment, which does not actually require a warrant or warrant exception, but rather, prohibits unreasonable searches.

The State acknowledges, however, that the Court of Criminal Appeals declined to conduct a balancing test in *Villarreal*, holding instead that the mandatory blood draw must fall under a recognized warrant exception. *Villarreal*, 2014 Tex. App. LEXIS 1898, at *59-75.

**A traditional balancing test weighs in favor of the constitutionality of Section 724.012(b)(3)(B).**

The primary purpose of Section 724.012(b) is to save lives and decrease the number of casualties caused by drunken drivers. *Neesley v. State*, 239 S.W.3d 780, 785 (Tex. Crim. App. 2007). Mandatory draws identify intoxicated drivers, so that the State can remove them

from the roads through administrative license revocations. Mandatory draws also promote safety through their deterrent effect.

The State also has a legitimate interest in preserving evidence, both for administrative licensing hearings and criminal prosecutions. Timely blood alcohol evidence is indisputably the most probative evidence of intoxication, far more so than subjective observations or field sobriety tests, or retrograde extrapolation. The Texas Legislature acted reasonably in passing a law that requires police to secure this evidence, in serious cases, before it dissipates.

Reasonableness is also shown in that the statute does not leave blood draws to the discretion of the officer on the scene. Instead, the circumstances requiring blood draws are clearly set out in the statute, which was enacted by the Legislature, which is itself a neutral and detached body. Clear guidelines also further the State's legitimate interest in readily applicable rules for officers in the field, which are not subject to second-guessing months and years down the road.

The law is narrowly tailored in scope. The statute only allows one useable blood draw, and it only applies to drivers, who are arrested, based on probable cause, for driving, while intoxicated, on public

9

roads. *Neesley*, 239 S.W.3d at 786; *State v. Mosely,* 348 S.W.3d 435, 444 (Tex. App.—Austin 2011, pet. ref'd).

The law also takes the gravity of the crime into consideration by mandating draws only in serious cases.

Additionally, the search specified by the statute (a blood draw) is reasonable because blood testing is a highly effective means of determining the degree to which a person is under the influence of alcohol. *State v. Johnston*, 336 S.W.3d 649, 659-60 (Tex. Crim. App. 2011).

Also, blood tests are commonplace and involve virtually no risk, trauma, or pain, and the Supreme Court has stated time and again that a blood draw is a minimally intrusive search that does not constitute an unduly extensive imposition on an individual's privacy and bodily integrity. *See Schmerber*, 384 U.S. at 771; *Skinner* 489 U.S. at 625; *Winston v. Lee*, 470 U.S. 753, 761-62, 105 S. Ct. 1611, 84 L. Ed. 2d 662 (1985); *South Dakota v. Neville*, 459 U.S. 553, 563, 103 s. Ct. 916, 74 L. Ed. 2d 748 (1983); *Breithaupt v. Abram*, 352 U.S. 432, 436-37, 77 S. Ct. 408, 1 L. Ed. 2d 448 (1957); *but see McNeely*, 133 S. Ct. at 1558.

The Transportation Code also limits who can draw blood and where it can be drawn. Tex. Transp. Code § 724.017; *Johnston*, at 661 (noting that Section 724.017 is reasonable under the Fourth Amendment).

Additionally, the law mandates testing only on people who are already under arrest. Arrestees have significantly diminished expectations of privacy. And arrestees are not free to leave, so the testing's interference with their freedom to move does not infringe on significant privacy interests. Drivers are likewise subject to extensive regulations and have a reduced expectation of privacy.

Finally, the defendant bears the burden of establishing that statutes are unconstitutional, courts presume that statutes are constitutional and resolve all reasonable doubts in favor of their constitutionality, and the mere fact that opinions regarding constitutionality may differ is not a sufficient basis to strike down a statute. *Luquis v. State*, 72 S.W.3d 355, 363, 365-66 (Tex. Crim. App. 2002). The presumption of constitutionality afforded legislation should not to be disposed of lightly. Laws passed by elected representatives represent the will of the people. Of course, courts

11

must safeguard against violations of the Constitution, but in determining what is "reasonable" under the Fourth Amendment, the fact that the Legislature has passed laws mandating these searches speaks volumes as to what the people of Texas believe is reasonable.

In sum, the search mandated by Section 724.012(b)(3)(B) is constitutionally reasonable, and the trial court erred in suppressing the blood evidence obtained pursuant to the statute.

The Court of Criminal Appeals stated in *Villarreal*, however, that a DWI suspect's privacy interest outweighs the State's interest in preventing drunk driving through warrantless searches. *Villarreal*, 2014 Tex. App. LEXIS 1898, at *67-69.

### *Point Two: Alternatively, the blood draw evidence is admissible because the defendant is deemed to have consented to the taking of a specimen, per Tex. Transp. Code § 724.011(a).*

Under Tex. Transp. Code § 724.011(a), the defendant is deemed to have consented to the blood draw.

As a matter of statutory construction, the consent implied by Section 724.011(a) cannot be revoked. *Forte v. State*, 759 S.W.2d 128,

138-139 (Tex. Crim. App. 1988), *overruled on other grounds in McCambridge v. State*, 778 S.W.2d 70, 76 (Tex. Crim. App. 1989).

Additionally, implied consent is irrevocable because it is given in exchange for the privilege to drive on public roads. The defendant was driving pursuant to this bargain, but he wants to withdraw consent when convenient for him. Allowing him to withdraw his consent when the red and blue lights come on would render this exchange a one-way street for the benefit of the defendant.

Finally, irrevocable implied consent can satisfy the consent exception to the warrant requirement. *See, e.g., United States v. Herzbrun*, 723 F.2d 773, 776 (11th Cir. 1984) (regarding airport screening searches); *United States v. De Angelo*, 584 F.2d 46, 48 (4th Cir. 1978) (same); *United States v. Spriggs*, 827 F. Supp. 372, 375 (E.D. Va. 1993) (regarding prison visitor searches).

In sum, the defendant is deemed to have consented to the blood draw, and he cannot withdraw that consent. Since consent is a well-established exception to the warrant requirement, the trial court erred in suppressing the blood draw evidence.

The Court of Criminal Appeals held in *Villarreal*, however, that implied consent that has been withdrawn by a suspect cannot serve as a substitute for the free and voluntary consent that the Fourth Amendment requires. *Villarreal*, 2014 Tex. App. LEXIS 1898, at *34-37.

### Point Three: Assuming, arguendo, that the blood draw is unconstitutional, the Texas exclusionary rule still does not bar admission of the evidence.

The Texas exclusionary rule is codified in Tex. Code Crim. Proc. art. 38.23, which states:

> (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.
>
> (b) It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause.

The evidence is not barred by article 38.23 because the police officer did not obtain the evidence in violation of the Constitution because, at the time the evidence was obtained, Texas case law clearly held that alcohol dissipation alone constituted exigent circumstances in DWI cases. *See Aliff v. State*, 627 S.W.2d 166, 170 (Tex. Crim. App. 1982); *and State v. Laird*, 38 S.W.3d 707, 713 (Tex. App.—Austin 2000, pet. ref'd) (stating, "It is a well-settled fact that alcohol in the blood dissipates quickly constitutes exigent circumstances"). Thus, at the time of the blood draw in this case, the search clearly fell under the exigent circumstances exception, which means the police did not obtain the evidence in violation of the Fourth Amendment, which means the Texas exclusionary rule does not apply.

To be clear, the State is not arguing for a *good faith exception* to article 38.23. Rather, the State is arguing that article 38.23 *does not apply* because the officer did not obtain the evidence in violation of the law.[2]

---

[2] The State will argue that there are applicable good faith exceptions to the *federal* exclusionary rule, below, but this is distinct from its arguments regarding the Texas exclusionary rule.

The State's argument may appear to be a backdoor good faith argument, but the argument is in line with other statutory construction cases that have held that Article 38.23 does not apply when the evidence was not actually obtained in violation of the law. *See State v. Johnson*, 871 S.W.2d. 744, 750-51 (Tex. Crim. App. 1994) (no exclusion when there is attenuation of taint); *Wehrenberg v. State*, 416 S.W.3d 458, 467-70 (Tex. Crim. App. 2013) (no exclusion when there is an independent source).

In other words, the defendant cannot backdate a change in law to exclude evidence. To do so would twist the plain language of the statute because the evidence was not actually "obtained" in violation of the law. Rather, it was obtained in compliance with the law, which later changed.

Some courts have held that there was no change in the law and that *McNeely* merely clarified existing constitutional law. That may be true in other jurisdictions, but it is not true in Texas. In Texas, case law had clearly established a *per se* exigency in DWI cases. *See Aliff*, 627 S.W.2d at 170;  *Laird*, 38 S.W.3d at 713. *McNeely* specifically granted certiorari to resolve the split of authority among states on the

question of whether the natural dissipation it the bloodstream establishes a *per se* exigency. *See McNeely*, 133 S. Ct. at 1558. *McNeely* decided that there is no *per se* exigency. Thus, *McNeely* clearly overturned (i.e., changed) the law in several jurisdictions, including Texas. *Cf. State v. Adkins*, 433 N.J. Super. 479, 484-93, 81 A.3d 680 (App. Div. Dec. 20, 2013) (stating that *McNeely* dramatically changed the legal landscape when the Supreme Court issued a new search and seizure rule that was more restrictive than state court precedent, and holding that the State was not seeking to admit the fruits of unlawful police conduct because the police fully complied with the law in effect at the time they acted).

In conclusion, the State asks this Court to hold that Article 38.23 does not bar admission of evidence when the police scrupulously adhered to the statutes and Constitutional case law that were in effect at the time of the search because, in such a case, the evidence was not actually obtained in violation of the law.

***Point Four: The federal exclusionary rule does not bar admission of the evidence either.***

The purpose of the judicially-created federal exclusionary rule is to safeguard Fourth Amendment rights by deterring police misconduct. *Illinois v. Krull*, 480 U.S. 340, 347, 107 S. Ct. 1160, 94 L. Ed. 2d 364 (1987). With this purpose in mind, the Supreme Court has created good faith exceptions.

**The police relied in good faith on a statute.**

One exception is when an officer acts in good faith reliance on a statute that is later held to be unconstitutional, because "Unless a statute is clearly unconstitutional, an officer cannot be expected to question the judgment of the legislature that passed the law. If the statute is subsequently declared unconstitutional, excluding evidence obtained pursuant to it prior to such a judicial declaration will not deter future Fourth Amendment by an officer who has simply fulfilled his responsibility to enforce the statute as written." *Krull*, 480 U.S. at 349-50.

In this case, the officer relied on the mandatory blood draw statute in Section 724.012(b)(3)(B). Moreover, the law was not

"clearly unconstitutional." Indeed, Texas's police officers, prosecutors, defense attorneys, and judges have had mandatory blood draw cases for years without questioning their constitutionality. Therefore, under *Krull*, the federal exclusionary rule does not bar admission of the evidence, and the trial court erred in granting the motion to suppress.

**The police acted in good faith reliance on binding appellate precedent.**

Another exception applies when the police act in good faith reliance on binding precedent, because "It is one thing for the criminal to go free because the constable has blundered. It is quite another to set the criminal free because the constable has scrupulously adhered to governing law. Excluding evidence in such cases deters no police misconduct and imposes substantial social costs." *Davis v. United States*, 564 U.S. ___, 131 S. Ct. 2419, 2423-24, 2434, 180 L. Ed. 285 (2011).

The blood draw in this case was done prior to the Supreme Court's decision in *McNeely*. At that time, Texas case law held that dissipation alone constituted exigent circumstances in DWI cases.

19

*Aliff v. State*, 627 S.W.2d 166, 170 (Tex. Crim. App. 1982); *State v. Laird*, 38 S.W.3d 707, 713 (Tex. App.—Austin 2000, pet. ref'd). Exigency is an established exception to the warrant requirement, so the search in this case was constitutional under binding Texas precedent at the time it was done. Therefore, under *Davis*, the good faith exception for reliance on precedent applies, and the trial court erred in granting the motion to suppress. *See People v. Youn*, 2014 Cal. App. LEXIS 799 (Cal. App. 2d Dist. Aug. 15, 2014) (applying the good faith exception for reliance on state court precedent to pre-*McNeely* blood draws); *United States v. Brooks*, No. PWG-14-0053, 2014 U.S. Dist. LEXIS 67417, at *5-15 (D. Md. May 16, 2014) (mem. op.) (same).

## Prayer

The State asks this Court to sustain its points of error, reverse the trial court's order suppressing the results of the blood analysis, and remand this case to the trial court for further proceedings.

Respectfully submitted,

**Rosemary Lehmberg**
District Attorney
Travis County

**Angie Creasy**
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4810
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

21

## Certificate of Compliance and Service

I hereby certify that this brief contains 3,598 words, based upon the computer program used to generate this brief and excluding words contained in those parts of the brief that Texas Rule of Appellate Procedure 9.4(i) exempts from inclusion in the word count, and that this brief is printed in a conventional, 14-point typeface.

I further certify that, on the 9th day of January, 2015, a true and correct copy of this brief was served, by U.S. mail, electronic mail, facsimile, or electronically through the electronic filing manager, to:

Gerardo Jerry Ayala, 2531 Berkeley Avenue, Austin, Texas 78745.

Christina Tagle, 812 San Antonio Street, Austin, Texas 78701.[3]

**Angie Creasy**

---

[3] Ms. Tagle has filed a letter with the Third Court of Appeals stating that she is not representing Mr. Ayala on appeal.