ACCEPTED
03-14-00651-CR
5498231
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/1/2015 4:36:26 PM
JEFFREY D. KYLE
CLERK

## No. 03-14-00651-CR

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/1/2015 4:36:26 PM
JEFFREY D. KYLE
Clerk

# In the Third Court of Appeals
# Austin, Texas

## STATE OF TEXAS,

*Appellant,*

V.

## GERARDO JERRY AYALA,

*Appellee*

On appeal from the 167th District Court,
Travis County, Texas
Trial Cause No. D1DC-13-200850

# GERARDO JERRY AYALA'S BRIEF

JAMIE SPENCER
ATTORNEY FOR GERARDO JERRY AYALA
State Bar Number 90001952
812 San Antonio St., Suite 403
Austin, Texas 78701
Telephone: (512) 472-9909
Jamie@austindefense.com

## ORAL ARGUMENT IS REQUESTED

# IDENTITY OF PARTIES AND ATTORNEYS

1. Appellee:

Gerardo Jerry Ayala

2. Appellee's Trial Attorney:

Christina Tagle
State Bar No. 24056132
812 San Antonio Street, Suite 100
Austin, TX 78701
(512) 270-3314

3. Appellee's Appellate Attorney:

Jamie Spencer
State Bar No. 90001952
812 San Antonio Street, Suite 403
Austin, TX 78701
(512) 472-9909
(512) 472-9908 (fax)

4. State's Trial Attorney:

Ms. Aurora Perez
State Bar No. 24053706
509 W. 11th Street, Ste. 1.100
Austin, TX 78701
(512) 854-9195
(512) 854-9695 (fax)

5. State's Appellate Attorney:

Ms. Angie Creasy
State Bar No. 24043613
509 W. 11th Street, Ste. 1.100
Austin, TX 78701
(512) 854-9400
(512) 854-9695 (fax)

1

# STATEMENT REGARDING ORAL ARGUMENT

Oral Argument is Requested

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND ATTORNEYS.................................................1

STATEMENT REGARDING ORAL ARGUMENT..............................2

TABLE OF CONTENTS.................................................................3

INDEX OF AUTHORITIES.............................................................4

SUMMARY OF GERARDO JERRY AYALA'S
ARGUMENT................................................................................6

ARGUMENT...............................................................................7

PRAYER....................................................................................15

CERTIFICATE OF COMPLIANCE.................................................16

CERTIFICATE OF SERVICE........................................................16

# INDEX OF AUTHORITIES

**Constitutional Provisions and Statutes:**

Fourth Amendment of the US Constitution..........................................9, 12

Tex. Transportation Code Ann Chapter 724...........................6, 7, 12

Tex. Code Crim. Proc. Art. 38.23...........................................9, 10

**Cases**

State v. Villarreal, 2014 WL 6734178
(Tex. Crim. App. 2014)...........................................6, 7, 8, 11, 13

Balentine v. State, 71 S.W.3d 763, 768
(Tex. Crim. App. 2002)...........................................7

Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000)...........................................7

Missouri v McNeely, 133 S. Ct. 1552 (2013)...........................8, 11, 13

United States v. Robinson, 414 U.S. 218, 224 (1973)...................11, 13

State v. Johnson, 871 S.W.2d. 744 (Tex. Crim. App. 1994)...................9

Wehrenberg v. State, 416 S.W.3d 458...........................................10

No. 03-14-00651-CR

---

In the Third Court of Appeals
Austin, Texas

---

**STATE OF TEXAS,**
*Appellant,*

V.

**GERARDO JERRY AYALA,**
*Appellee*

---

On appeal from the 167th District Court,
Travis County, Texas
Trial Cause No. D1DC-13-200850

---

## GERARDO JERRY AYALA'S BRIEF

---

To the Honorable Third Court of Appeals:

Now comes Gerardo Jerry Ayala, Appellee, and files this brief in response to that of appellant.

## SUMMARY OF GERARDO JERRY AYALA's ARGUMENT

Point One: The State argues that the evidence is admissible because the blood draw was mandated by Tex. Transp. Code Section 724.011(b), and that the statute is constitutionally reasonable under the Fourth Amendment. However, the State also concedes Appellee's major response which is that the Texas Court of Criminal Appeals recently held that a warrantless blood draw, even when conducted pursuant to the so called mandatory blood draw statute violates the Fourth Amendment because it did not fall under any recognized exception to the warrant requirement. *State v. Villarreal*, No. PD-0306-14, 2014 Tex. Crim. App. Lexis 1898 (Tex. Crim. App., Nov. 26, 2014).

Point Two: The State also concedes that *Villarreal* controls as recent precedent on their second point, which is similar to and related to point number one, and Appellee agrees.

Point Three: Appellee argues that because the blood draw itself was unconstitutional, that the Texas exclusionary rule does apply, and that the evidence should have been excluded.

6

Point Four: Appellee argues that the federal exclusionary rule does require exclusion of the evidence in this case because the facts do not give rise to the Federal good faith exception.

## ARGUMENT

A trial court's ruling on a motion to suppress is reviewed under an abuse of discretion standard; absent an abuse of discretion, the trial court's findings will not be disturbed. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). Almost total deference is given to the trial court's determination of historical facts, while a de novo review is conducted of the trial court's application of the law to those facts. See *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).

While the State concedes that *Villarreal* controls regarding their Points One and Two, the State also makes arguments to preserve error, so Appellee will briefly respond on those points.

The trial court ruled that there were no exigent circumstances in this case, which might have provided an alternative basis for drawing Appellee's blood without a warrant. There is ample evidence in the record to support the trial court's finding of no exigent circumstances. Since the

7

determination of "no exigent circumstances" is based on historical facts that determination would be reviewed only under an abuse of discretion standard.

However, a de novo review would be conducted of the trial court's application of the law regarding the mandatory blood draw provisions of Texas Transportation Code Chapter 724 and the fact that there were no exigent circumstances.

The *Villareal* case is directly on point. *Villarreal* follows the Supreme Court's ruling in *Missouri v McNeely*, 133 S. Ct. 1552 (2013). The *Villarreal* case lists in exhaustive detail all the possible state's arguments for allowing a Chapter 724 exception to the warrant requirement, and rejects each of them in turn:

(1) The blood draw was not valid under the consent exception.

(2) It was not valid under the automobile exception.

(3) It was not valid under a special needs exception.

(4) It was not valid as a search incident to arrest.

(5) It was not reasonable under a Fourth Amendment balancing test.

Given the trial court's finding of "no exigent circumstances", the *McNeely* and *Villarreal* decisions show that suppression was correct in the instant case. Absent exigent circumstances, and absent any other finding

which would create a valid exception to the warrant requirement, the motion to suppress should have been granted.

In Point Three, the State claims that their "argument may appear to be a backdoor good faith argument" but that they are "not arguing for a good faith exception to article 38.23". In fact, that is exactly what the State's Point Number Three does indeed argue.

Neither of the cases cited by the State in Point Three are applicable in the Appellee's case. First the State cites *State v. Johnson*, 871 S.W.2d. 744 (Tex. Crim. App. 1994) for the proposition that there is no exclusion when there is attenuation of taint. But that very same case says "the attenuation doctrine is not an exception to Art. 38.23, but rather is a method of determining whether evidence was 'obtained' in violation of the law, with 'obtained' being included in the plain language of the statute." *State v. Johnson*, 871 S.W.2d. 744, 751 (Tex. Crim. App. 1994).

So, instead of the State's interpretation that the evidence in the instant case "was not actually 'obtained' in violation of the law," in fact the case cited merely seeks to clarify how we know whether or not evidence was obtained in the first place. It is quite specifically stated to not be an exception to Article 38.23.

Attenuation of taint is perhaps best analogized to a proximate cause analysis. There was no finding by the trial court in the instant case about attenuation of taint in this case, nor would such a finding be justified by the evidence at pretrial. The evidence suppressed came solely from the unlawful, non-consensual, warrantless blood draw and from no other source. The blood draw was the only reason the suppressed evidence exists. In other words, the blood draw was the sole cause of the suppressed blood test results. And therefore attenuation of taint is logically inapplicable.

Nor does the State's citation of *Wehrenberg v. State*, 416 S.W.3d 458, help their cause either. The rule that there is no exclusion when there is an independent source is also wholly inapplicable to the Appellee's case. Again, this is not an exception to Article 38.23 but more importantly, what independent source is the State suggesting the suppressed evidence came from? Solely from the warrantless blood draw is the only legitimate answer in this case.

Therefore the State's Point number three is in fact a back door good faith argument – which does not apply to the Texas exclusionary rule.

The State's final point raised is that the Federal exclusionary rule does not bar admission of the evidence either – but, in fact, it does exactly that. The State conflates what is meant by a change in the law, and how that applies to the good faith rule with every single appellate decision that ever decides any new issue - however slight that issue might be.

The law that the police in this case were required to follow was that they either needed a warrant, or an exception to the warrant requirement to draw blood. It has long been established that a blood draw is indeed a search, so, to perform a search, one of two things is required: a warrant, or an exception. A warrantless search of a person is reasonable only if it falls within a recognized exception. See *eg., United States v. Robinson, 414 U.S. 218, 224 (1973)*.

The fact that an officer mistakenly believes an exception exists when it does not is not what is meant by good faith reliance. Neither the *McNeely* nor *Villarreal* decisions in any way changed the basic rule about searches: either a warrant or an exception to the warrant requirement is necessary or else a search is unconstitutional. To decide otherwise would eviscerate all rules based on what a well meaning officer's state of mind was at the time he was conducting a search. In other words, what is meant by human

11

good faith is different than what is meant by the legal concept of good faith reliance.

The constitutionality of Section 724.011(b) had not yet been decided at the time of Appellee's arrest. How could it be the case that an officer was relying in good faith on an undecided issue? If a police department or law enforcement agency chooses to set rules in place based on legal concepts that have not fully been litigated they cannot cry out for a good faith exception before those concepts or issues have been decided by the ultimate authority on the law: the appellate court system.

The only well settled legal issue in this case that they could reasonably rely on is the long settled issue that (1) blood draws are searches and (2) searches require (a) warrants or (b) recognized exceptions to the warrant requirement. That rule has not changed.

Legislatures cannot simply craft exceptions to the Fourth Amendment. A police officer's knowing that a statute such as 724.011(b) exists and knowing that it has been upheld by the ultimate authority on the subject are two different things.

Again, the rule is: A warrantless search of a person is reasonable only if it falls within a recognized exception. See *eg., United States v. Robinson, 414 U.S. 218, 224 (1973)*. This case is a prime example of an

12

instance where there was not a recognized exception; appellee's emphasis here is on **recognized**. The Supreme Court first spoke on this issue in *McNeely*; if *McNeely* had found an exception, that exception would then be recognized – **but only after *McNeely* had been decided**. (And, of course, we now know that DWI does not provide a per se exigent circumstances exception in every case.)

Essentially the State is asking this Court to allow the policeman to become the decider of whether or not 724.011(b) fits the definition of exigent circumstances. The courtrooms where *McNeely* and *Villarreal* were argued were the proper forum where those issues were decided. So it was a purely legal question that was not fully decided at the time of the search of Appellee. Good faith reliance would not apply in that sort of situation.

Therefore, since the Federal good faith rule does not apply, the Federal exclusionary rule also bars admission of the evidence in this case as well.

## PRAYER

Gerardo Ayala respectfully asks this Court to affirm the trial court's granting of the Motion To Suppress as it relates to the blood draw and the results of the blood draw.

Respectfully submitted,

_____

Jamie Spencer
Attorney for Gerardo Jerry Ayala
State Bar Number 90001952
812 San Antonio Street, Suite 403
Austin, Texas 78701
Telephone: (512) 472-9909
jamie@austindefense.com

## CERTIFICATE OF COMPLIANCE

Relying on Microsoft Word's word-count function, I certify that this document complies with the word-count limitations of Tex. R. App. P. 9.4. The document contains 2115 words.

_____
Jamie Spencer

## CERTIFICATE OF SERVICE

I certify that I sent a complete and legible copy of this Gerardo Jerry Ayala's Brief via U.S. postage-prepaid mail, on or before June 1, 2015 to the following attorneys of record:

Travis County District Attorney's Office
Rosemary Lehmberg, Travis County District Attorney
Angie Creasy, Assistant District Attorney
509 W. 11th Street, Ste. 1.100
Austin, TX 78701

_____
Jamie Spencer